SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
STEVEN B. SACKS. Cal. Bar No. 98875
ssacks@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff
TEXTRON FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>VAQUERO DE LOS ROBLES, LLC, a California limited liability company; JOHN E. KING; CAROLE KING; and JOHN G. KING,<br><br>        Defendants. | Case No. CV 09-1204-JFW (PJWx)<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>1) **FORECLOSURE OF DEED OF TRUST [CAL. CODE CIV. PROC. § 725A ET SEQ];**<br>2) **FORECLOSURE OF SECURITY INTEREST [CAL. COM. CODE § 9604]; AND**<br>3) **BREACH OF GUARANTY.** |

      Plaintiff Textron Financial Corporation ("Textron") for claims against defendants, and each of them, alleges as follows:

-1-

W02-WEST:5KEY1\401442369.2        FIRST AMENDED COMPLAINT

## JURISDICTION

1. The jurisdiction of this Court is invoked based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Plaintiff Textron is incorporated in the State of Delaware with its principal place of business in Providence, Rhode Island. Plaintiff is informed and believes and thereon alleges that John E. King, Carole King and John G. King are the members of defendant Vaquero de los Robles, LLC. Plaintiff is informed and believes and thereon alleges that John E. King, Carole King and John G. King, during all relevant times, are each citizens of the United States and domiciled within the State of California. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## VENUE

2. Venue is proper in this Judicial District and in the Western Division, pursuant to 28 U.S.C. §§ 84(c)(2) and 1391 because, as hereinafter more fully appears, defendants reside in San Luis Obispo County, the real property involved in this action is located entirely in San Luis Obispo County and a substantial part of the events giving rise to the claims asserted herein occurred in San Luis Obispo County.

## GENERAL ALLEGATIONS

3. Textron is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, qualified to do business and doing business in the State of California.

4. Textron is informed and believes, and thereon alleges, that defendant Vaquero de los Robles, LLC ("Vaquero" or "Borrower") is a California limited liability company with its principal place of business in San Luis Obispo, California.

## FIRST CLAIM FOR RELIEF

(Against Vaquero for Foreclosure of Deed of Trust)

5. Textron realleges and incorporates herein by this reference the allegations of paragraphs 1 through 4, inclusive, of this Complaint.

6. This is an action for, inter alia, judicial foreclosure of a deed of trust which encumbers certain real property and related personal property within Paso Robles, California and more particularly described in the Deed of Trust described below (the "Property").

7. On or about November 2, 2006, Vaquero, as borrower, and Textron, as lender, executed and entered into a Loan Agreement (the "Loan Agreement") by which Textron agreed to loan Vaquero an amount not to exceed $9,750,000.00 (the "Loan"). The Loan is evidenced by a Promissory Note dated November 2, 2006, executed by Borrower, and payable to Textron in the face amount of $9,750,000.00 (the "Note). The maturity date of the Note was November 2, 2008. True and correct copies of the Loan Agreement and the Note are attached hereto as Exhibit 1 and 2, respectively, and incorporated herein by this reference.

8. The Loan is secured by a First Deed of Trust, Security Agreement and Fixture Filing dated November 2, 2006 (the "Deed of Trust"), which encumbers, inter alia, the Property. A true and correct copy of the Deed of Trust is attached hereto as Exhibit 3 and incorporated herein by this reference.

9. The Loan is further secured by an Assignment of Rents and Leases dated November 2, 2006 (the "Assignment"), a true and correct copy of which is attached hereto as Exhibit 4 and incorporated herein by this reference.

10. The Deed of Trust and the Assignment were duly recorded in the Official Records of San Luis Obispo County, California, on November 7, 2006, as Instrument Nos. 2006079552 and 2006079553, respectively. Textron's interest in the personal property pledged as security in the Deed of Trust was duly perfected by the filing of a UCC-1 Financing Statement (the "UCC-1") in the Office of the

1  Secretary of State for the State of California on November 8, 2006, as Instrument
2  No. 10334910002. A true and correct copy of the UCC-1 is attached hereto as
3  Exhibit 5 and incorporated herein by this reference.
4          11.    The Loan is also secured by an Assignment of Property-Related
5  Contracts dated November 2, 2008 by Vaquero in favor of Textron (the
6  "Assignment of Contracts"). A true and correct copy of the Assignment of
7  Contracts is attached hereto as Exhibit 6 and incorporated herein by this reference.
8          12.    The terms of the Loan Agreement and the Note were amended
9  by a Loan Modification Agreement dated January 10, 2007 (the "Modification").
10 The Modification was duly recorded in the Official Records of San Luis Obispo
11 County, California on January 10, 2007 as Instrument No. 007002755. A true and
12 correct copy of the Modification is attached hereto as Exhibit 7 and incorporated
13 herein by this reference.
14         13.    The maturity date of the Loan Agreement and the Note were
15 automatically extended until November 2, 2008 by letter request from the Borrower
16 (the "Letter Extension").
17         14.    The Loan Agreement, the Note, the Deed of Trust, the
18 Assignment, the UCC-1, the Assignment of Contracts, the Modification, the Letter
19 Extension and all other documents evidencing or executed in connection with the
20 Loan, even if not described specifically herein, are collectively referred to herein as
21 the "Loan Documents."
22         15.    Textron has performed all obligations on its part to be performed
23 under the Loan Documents.
24         16.    Borrower defaulted on its obligations under the Loan Documents
25 by failing to pay all outstanding principal, accrued and unpaid interest and any other
26 amounts due under the Loan Documents on the maturity date, November 2, 2008.
27         17.    By letter dated December 15, 2008, Textron notified Borrower of
28 the defaults under the Loan Documents, and demanded the curing of such defaults.

1 A true and correct copy of the notice of default is attached hereto as Exhibit 8 and incorporated herein by this reference. Borrower has failed to cure such defaults under the Loan Documents as required, despite the demand therefor.

18. After allowing all just and lawful offsets, payments and credits, there is due and owing under the Loan Agreement as of December 12, 2008, the following amounts:

| | |
|---|---|
| Principal balance: | $ 9,749,999.80 |
| Unpaid interest and fees: | $ 40,209.99 |
| Late charges: | $ 487,500.00 |
| <u>Exit fee:</u> | <u>$ 195,000.00</u> |
| Total: | $10,472,709.80 |

19. On February 2, 2009, Textron caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust, Security Agreement and Fixture Filing with regard to the Loan Documents, thereby commencing foreclosure proceedings with regard to the Deed of Trust. A true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust, Security Agreement and Fixture Filing is attached hereto as Exhibit 9 and incorporated herein by this reference.

20. Pursuant to the terms of the Loan Agreement, Vaquero agreed to pay to Textron all attorneys' fees and collection costs incurred by Textron in connection with its efforts to collect the indebtedness evidenced by the Loan Agreement. Based thereon, Textron seeks judgment from and against Vaquero for all attorneys' fees and collection costs incurred by Textron in connection with its efforts to collect such amounts.

21. By reason of Borrower's default under the Loan Agreement, Textron is entitled to an order of judicial foreclosure and U.S. Marshal's sale of the Property pursuant to the Deed of Trust.

22. Additionally, following completion of the judicial foreclosure sale and in accordance with California law, Textron is entitled to a determination and recovery of a deficiency judgment against Vaquero on the Note pursuant to and in accordance with C.C.P. § 540(a) and C.C.P. § 726(b).

WHEREFORE, Textron prays for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

(Against Vaquero for Foreclosure of Security Interest)

23. Textron realleges and incorporates herein by this reference the allegations of paragraphs 1 though 22, inclusive, of this Complaint.

24. Under the terms of the Deed of Trust, Borrower granted Textron a continuing security interest in personal property (the "Personal Property") that includes, but is not limited to, all goods, accounts, general intangibles, instruments, documents, chattel paper, park model recreational vehicles, furniture, furnishings, equipment, machinery, money, insurance proceeds, accounts, contract rights, trademarks, goodwill, trade names, licenses and/or franchise agreements, rights of Grantor, equipment and inventory.

25. By reason of Borrower's defaults under the Loan Documents, Textron is entitled to judicial foreclosure of its security interest in the Personal Property pursuant to the terms of the Deed of Trust.

26. The Deed of Trust provides that Borrower will be liable to pay reasonable attorneys' fees and costs incurred in connection with, or arising or resulting from the filing of suit by Textron to enforce the Deed of Trust. It has become necessary for Textron to employ counsel to enforce the Deed of Trust and to file this proceeding, and Textron has incurred and will continue to incur attorneys' fees and costs in an amount unknown to Textron at this time. Textron is therefore damaged and entitled to recover attorneys' fees and expenses pursuant to the terms of the Deed of Trust and/or applicable law.

WHEREFORE, Textron prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(Against Guarantors for Breach of Guaranty)

27. Textron realleges and incorporates herein by this reference the allegations of paragraphs 1 through 26, inclusive, of this Complaint.

28. Defendants John E. King, Carole King and John G. King (the "Guarantors") agreed to guaranty performance by Vaquero of its obligations under the Loan Agreement pursuant to a Payment Guaranty (the "Guaranty"), dated as of November 2, 2006. A true and correct copy of the Guaranty is attached hereto as Exhibit 10 and incorporated herein by this reference.

29. By a letter dated December 15, 2008, Textron made demand, and hereby demands, that Guarantors pay all sums due and to come due pursuant to the Guaranty. This letter also served to notify Borrower of the default and is attached hereto as Exhibit 8.

30. Under the Guaranty, Guarantors personally guaranteed the payment when due of all indebtedness of Borrower under the Loan Documents in the face principal amount of $9,750,000.00, plus interest thereon from the date of demand until full payment thereof.

31. Textron has performed all conditions and obligations on its part under the Guaranty.

32. Guarantors are in default under the Guaranty by reason of their failure to pay the amounts due and owing under the Guaranty. Textron is therefore entitled to recover from the Guarantors the amount of $10,472,709.80, plus interest accrued thereon, or according to proof.

33. Pursuant to the terms of the Guaranty, Gurantors also agreed to pay all attorneys' fees and expenses incurred by Textron in enforcing the terms of the Guaranty or any of the other Loan Documents. Textron has incurred and will

incur costs and attorneys' fees and expenses in an amount unknown to Textron at this time, as a consequence of Borrower's defaults under the Loan Documents and Guarantors' default under the Guaranty. Textron is therefore damaged and entitled to recover such costs, attorneys' fees and expenses pursuant to the terms of the Guaranty.

WHEREFORE, Textron prays for judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For judgment against defendant Vaquero for:

    a. The sum of $10,472,709.80 for principal, interest and fees as of December 12, 2008, or according to proof; and

    b. Costs of this action and reasonable attorneys' fees.

2. For judgment against defendant Vaquero that the rights, claims, ownership, liens, titles and demands of Vaquero in and to the Property are subject, subsequent and subordinate to Textron's rights under the Deed of Trust and the Assignment;

3. That the Court adjudge that the Deed of Trust and the Assignment be foreclosed, and that the usual judgment be made for the sale of the Property, according to law, by the United States Marshal, or a Commissioner to be appointed by the Court; that the proceeds of the sale be applied in payment of the amounts due to Textron; that the defendant, and all persons claiming under them, subsequent to the execution of the Deed of Trust and the Assignment, either as lien claimants, judgment creditors, claimants under a junior trust deed, purchasers, encumbrances or otherwise, be barred and foreclosed from all rights, claims, interest or equity of redemption in the premises, and every part of the Property when time for redemption has elapsed; that the decree for foreclosure shall name the defendant;

4. That the levying officer conducting the foreclosure sale execute and deliver a certificate of sale to the purchaser of the Property at the foreclosure

sale and record a duplicate of such certificate in the official records of San Luis Obispo County, California, in the manner prescribed by law, and that the purchaser be let into possession of the Property on production of such certificate;

    5.  When the time for redemption has elapsed, that the levying officer execute and deliver a deed of sale to the purchaser of the Property at the sale and record a duplicate of the deed of sale in the official records of Paso Robles, California;

    6.  For such other and further relief as the Court may deem proper.

## ON THE SECOND CLAIM FOR RELIEF

    7.  For judgment against Vaquero that the rights, claims, ownership, liens, titles and demands of Vaquero in and to the Personal Property are subject, subsequent and subordinate to Textron's rights under the Deed of Trust;

    8.  That the Court adjudge that Textron's security interest in the Personal Property be foreclosed, and that the usual judgment be made for the sale of the Personal Property, according to law, by the United States Marshal, or a Commissioner to be appointed by the Court; that the proceeds of the sale be applied in payment of the amounts due to Textron; that defendants, and each of them, and all persons claiming under them, or any of them, either as lien claimants, judgment creditors, purchasers, encumbrancers or otherwise, be barred and foreclosed from all rights, claims, interest or equity of redemption of the premises, and every part of the Personal Property, when time for redemption has elapsed; that the decree for foreclosure shall name the defendants, and each of them, against whom a deficiency judgment may be ordered, and said defendant's personal liability therefor;

    9.  That the levying officer conducting the foreclosure sale execute and deliver a bill of sale to the purchaser of the Personal Property at the foreclosure sale in the manner prescribed by law, and that the purchaser be let into possession of the Personal Property on production of such bill of sale;

-9-

1    10.    That the levying officer execute and deliver a bill of sale to the purchaser of the Personal Property at the sale;

2    11.    For Textron's costs of suit and attorneys' fees in an amount the Court may adjudge reasonable; and

3    12.    For such other and further relief as the Court may deem proper.

### ON THE THIRD CLAIM FOR RELIEF

13.    For a judgment against defendants John E. King, Carole King John G. King, and each of them, for breach of the Guaranty for the sum of $10,472,709.80, plus interest accrued thereon, or according to proof; and

14.    For such other and further relief as the Court may deem proper.

DATED: March 24, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

STEVEN B. SACKS

Attorney for Plaintiff
TEXTRON FINANCIAL CORPORATION

**PROOF OF SERVICE**

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, CA, 94111.

On March 24, 2009, I served the following document(s) described as **First Amended Complaint** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| Justin Karczag<br>15 West Carillo Street<br>Santa Barbara, CA  93101<br>Tel.: 805 962 9495<br>Fax:  805 962 0722 | Attorney for Defendants |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 24, 2009, at San Francisco, California.

_____
Judy Nakaso

-10a-